MEMORANDUM **
Jitendar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (BIA) decision affirming the Immigration Judge’s (IJ) order *242 denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We review an IJ’s adverse credibility determination for substantial evidence, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we must uphold the finding “ ‘unless the evidence presented compels a reasonable factfinder to reach a contrary result.’ ” de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (quoting Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir. 1996)). We deny the petition for review.
The IJ cited “specific cogent” reasons for the adverse credibility determination, including Singh’s demeanor, inconsistent statements, and vague, hesitant and unresponsive testimony during the merits hearing, and these reasons are supported by evidence in the record. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002). In addition, the IJ did not engage in speculation or conjecture in finding Singh’s testimony that he fled India because he was afraid for his life inconsistent with his decision to sit for a college exam before fleeing. See Jibril v. Gonzales, 423 F.3d 1129, 1135 (9th Cir.2005) (noting that an IJ may apply “common sense” in evaluating the plausibility of testimony). The IJ’s adverse credibility determination is supported by substantial evidence, and therefore we uphold the IJ’s denial of asylum and withholding of removal.
Substantial evidence supports the IJ’s decision to deny Singh’s CAT claim because Singh based the claim on the testimony found to be incredible. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir. 2003). Singh did not point to other record evidence which would compel a finding that if he were returned to India, he would more likely than not be tortured. See id. at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Where, as here, the BIA adopts and affirms the decision of the IJ in its entirety, we review the IJ’s decision as if it were that of the BIA. See Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir.2005).